865 So.2d 593 (2004)
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
HHCI LIMITED PARTNERSHIP, d/b/a Harborside Healthcare-Pinebrook, d/b/a Harborside Healthcare-Sarasota, d/b/a Harborside Healthcare-Nables, Appellee.
No. 1D02-1588.
District Court of Appeal of Florida, First District.
January 14, 2004.
Rehearing Denied February 12, 2004.
*594 Gregory J. Philo of Agency for Health Care Administration, Tallahassee, for Appellant.
David K. Miller, P.A., and Donna Holshouser Stinson of Broad and Cassel, Tallahassee, for Appellee.
KAHN, J.
The issue in this administrative case concerns Florida's statutory policy of allowing reasonable costs and reasonable attorney's fees to a petitioner that successfully challenges an administrative agency's non-rule policy. See § 120.595(4), Fla. Stat. (2001). The administrative law judge (ALJ) read the statute expansively and allowed appellee attorney's fees for efforts "in furtherance of the client's causes," notwithstanding that some amount of these fees was attributable to legal work outside the scope of the challenge to the non-rule policy under the Administrative Procedure Act (APA). Concluding that the rule of strict construction must be applied to an attorney's fee statute, we vacate the order and remand this case for further proceedings.
Appellee HHCI Limited Partnership (HHCI), petitioner below, operates several nursing home facilities. The facilities identified in the record are known as Harborside Healthcare-Pinebrook, Harborside Healthcare-Sarasota, and Harborside Healthcare-Naples. In October 2001, the Florida Agency for Healthcare Administration (AHCA), filed an administrative complaint seeking to revoke the licenses of the Pinebrook, Sarasota, and Naples facilities. AHCA's petition relied upon a then-new statute providing that AHCA shall revoke or deny a nursing home license if the interest controlling the nursing home operates another facility that has been cited for two Class I deficiencies within a 30-month period. See Ch.2001-45, § 70, Laws of Fla. (codified at § 400.121(3), Fla. Stat. (2001)). The petition alleged that the Pinebrook facility had in fact been cited for two such deficiencies over a year before and, accordingly, under the new statute, appellee would have to surrender its licenses as to all three nursing homes.
HHCI, through its counsel, took the position that AHCA's action was illegal. HHCI's attorneys devised a multi-pronged strategy to preserve the nursing home licenses. Initially, HHCI sought a temporary injunction in circuit court, alleging that AHCA's retroactive application of the new statute was an unconstitutional deprivation of property rights. The circuit court denied this injunction, finding that the matter should be properly resolved in the administrative tribunal.
HHCI's attorneys then pursued other avenues. They filed administrative petitions requesting hearings on the licensure revocation actions. They also sought to *595 resolve the issue informally by contacting AHCA, and by contacting the Lieutenant Governor, the Governor, and the senate sponsor of the new law that AHCA sought to apply. The attorneys directed their efforts at persuading AHCA that the law could not be retroactively applied.
Finally, on October 12, 2001, the attorneys filed the action that became the underlying case supporting the ultimate award of attorney's fees. This action was a petition for determination of invalidity of a non-rule policy. Ultimately, the ALJ determined that AHCA's actions had violated section 120.54(1)(a), Florida Statutes (2000), providing generally that any agency statement defined as a rule must be adopted by the APA's rulemaking procedure as soon as feasible and practicable. Upon its success in the underlying action, HHCI filed a separate administrative proceeding seeking to recover its attorney's fees, not only for the successful challenge to a non-rule policy, but for all the activities engaged in by its counsel, including the injunction action, the administrative challenge, and the lobbying efforts.
In considering HHCI's request for attorney's fees, the ALJ reached the following conclusion:
The calculation of attorney's fees in this cause is complicated by the fact that none of the fees sought would have been incurred by the Petitioner had the Agency not implemented an unlawful policy. That is, had the non-rule policy not been utilized to support Administrative Complaints against the three facilities, none of the fees sought would have been incurred. The Petitioner presented a "shot-gun" approach pursuing every avenue available (including the underlying rule challenge) to dissuade the Agency from pursuing its action against the facilities. Only the rule challenge proved successful.
Based upon this conclusion, the ALJ awarded all fees reflected on counsel's billing worksheet, concluding that although some of these hours were for efforts beyond the successful non-rule policy challenge, such fees were "reasonable given the severity of the penalty sought by the agency and the circumstances faced by the client." The ALJ also allowed reasonable attorney's fees for time spent in preparation and attendance at the actual fee hearing, and awarded all costs sought by HHCI's attorneys, without regard to whether these costs were incurred in the non-rule policy challenge.
Our analysis begins with the statute that allows fees in this case. Section 120.595(4)(a) provides, "[U]pon entry of a final order that all or part of an agency statement violates s. 120.54(1)(a), the administrative law judge shall award reasonable costs and attorney's fees to the petitioner...." Because the issue on appeal involves application of this statutory language to undisputed facts, we review the ALJ's order under the de novo standard.
HHCI argues that the language of section 120.595(4) does not foreclose an award of fees for related proceedings that contribute to a favorable outcome. This observation is true, but it does not contribute much to resolution of the issue before us. Under Florida law, a court may award attorney's fees only when such award is authorized by statute or agreement of the parties. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993). Florida courts strictly construe statutes allowing attorney's fees because, under Florida law, statutes awarding fees continue to be viewed as in derogation of the common law. See, e.g., Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276 (Fla.2003).
*596 Here, although section 120.595(4) does not specifically foreclose recovery of all legal fees incurred by a party to whom an agency applies an unlawful non-rule policy, it does not on its face allow those fees either. In fact, the statutory subsection in question governs "CHALLENGES TO AGENCY ACTION PURSUANT TO SECTION 120.56(4)." § 120.595(4), Fla. Stat. Section 120.56(4)(a), of course, provides, "Any person substantially affected by an agency [non-rule] statement may seek an administrative determination that the statement violates s. 120.54(1)(a)." If such a petition succeeds, the agency in question "shall immediately discontinue all reliance upon the statement ... as a basis for agency action." § 120.56(4)(d), Fla. Stat. The attorney's fee statute we construe here fits neatly into the statutory scheme for challenging agency statements of policy that have not been subjected to rulemaking. We would thus be remiss to overlook the clear legislative intent in devising a statute to allow attorney's fees for successful challenges based upon section 120.56(4), which governs only the non-rule policy challenge under the APA. Accordingly, although we do not dispute the ALJ's determination that the fees awarded were reasonable, we are unable to uphold the award, beyond fees incurred in the non-rule challenge.
On remand, the ALJ must determine what fees are recoverable under our reading of the statute. Also, the ALJ must exclude from the fee award any fees expended in the attempt to prove amount, as opposed to entitlement, of attorney's fees, as well as any fees incurred in proving entitlement to attorney's fees for efforts beyond the section 120.56(4) challenge. See Palma, 629 So.2d at 833; Gaston v. Dep't of Revenue, 742 So.2d 517, 522-23 (Fla. 1st DCA 1999). Finally, the ALJ must ensure that the costs awarded bear a relationship to the non-rule challenge.
We VACATE the final order and REMAND for further proceedings consistent with this opinion.
WEBSTER and VAN NORTWICK, JJ., concur.