901 So.2d 915 (2005)
Lavondra STEADMAN, o/b/o John STEADMAN, Appellant,
v.
DEPARTMENT OF MANAGEMENT SERVICES, etc., Appellee.
No. 5D04-2974.
District Court of Appeal of Florida, Fifth District.
April 22, 2005.
*916 James L. Homich, Mt. Dora, for Appellant.
Spencer Kraemer and Erin Banks, Assistant General Counsels, Department of Management Services, Tallahassee, for Appellee.
SHARP, W., J.
Lavondra Steadman appeals from a final order of the Division of Retirement which denied her request to pay survivor benefits to her ward John Steadman. The Division refused to pay benefits claiming that Lavondra failed to timely provide the documentation requested by the Division, namely, an order determining heirs and guardianship papers. We conclude the circuit court order obtained by Lavondra and submitted to the Divisionan order determining beneficiariessatisfied the Division's documentation requirement and the Division's refusal to consider her application was frivolous.
In July 2002, State employee Thelma Steadman passed away. Thelma was survived by three adult children, including Lavondra, and her legally adopted minor son, John. Lavondra is John's biological mother. She applied to the Division for survivor benefits for John.[1]
The Division sent Lavondra several letters stating that it needed an order determining heirs and guardianship papers to pay benefits. In November 2003, the Division sent Lavondra a certified letter informing her that it had cancelled her application for benefits because it had not received the order determining heirs or guardianship papers.
In response, Lavondra's attorney requested the Division make an administrative determination that John was entitled to benefits. Lavondra also filed a petition in circuit court asking for an order determining Thelma's beneficiaries, pursuant to section 733.105[2] and Florida Probate Rule 5.385.[3]
On April 23, 2004, the circuit court entered an order determining beneficiaries. *917 The order specifically found: 1) Thelma died without a spouse, 2) her beneficiaries are her three adult children and one minor son, John, 3) the children each have a 25% share of Thelma's intestate estate and 4) John's legal guardian is his natural mother, Lavondra. A copy of this order was sent to the Department of Management Services.
On May 12, 2004, the Department sent Lavondra's attorney a letter acknowledging that the Division had received a copy of the order determining beneficiaries. The letter goes on to state the order determining beneficiaries was not the documentation requested. The case was then transferred to the Division of Administrative Hearings for a hearing on the issue of canceling Lavondra's application.
On June 8, 2004, the Administrative Law Judge entered an order recommending the Division enter a final order in 45 days rejecting Lavondra's application if, by that time, she has not provided the required documentation. The judge concluded the Division had properly requested an order determining heirs and guardianship papers from Lavondra and that Lavondra had not provided the requested documentation.
Lavondra filed an exception to the recommended order, alleging the Division had refused to accept the court's order determining beneficiaries. She attached a copy of that order to her exception. The Division rejected Lavondra's exception on the basis the Administrative Law Judge had already considered the order determining beneficiaries and concluded it was inadequate to support her request for benefits. The Division then entered a final order rejecting Lavondra's application.
On appeal, Lavondra contends the Division of Retirement and the Administrative Law Judge erred when they refused to accept the court order determining beneficiaries as the documentation required by the Division for payment of benefits. Lavondra argues the Division has not stayed current with changes in the law and was demanding an orderan order determining "heirs"which no longer exists under the probate rules.
Florida Probate Rule 5.385 provides that a personal representative or other interested person may petition the court if there is a question regarding beneficiaries or shares in an estate. Rule 5.385(c) had required the court to enter an order determining "heirs or devises." However, this subsection was amended in 2003 and the language "heirs or devises" was replaced with "beneficiaries." Amendments to the Florida Probate Rules, 848 So.2d 1069 (Fla.2003). Thus the court now enters an order determining "beneficiaries" and not "heirs."
Under the current probate code, beneficiaries and heirs are defined as follows:
(2) "Beneficiary" means heir at law in an intestate estate and devisee in a testate estate. The term "beneficiary" does not apply to an heir at law or a devisee after that person's interest in the estate has been satisfied. In the case of a devise to an existing trust or trustee, or to a trust or trustee described by will, the trustee is a beneficiary of the estate. Except as otherwise provided in this subsection, the beneficiary of the trust is not a beneficiary of the estate of which that trust or the trustee of that trust is a beneficiary. However, if each trustee is also a personal representative of the estate, the beneficiary or beneficiaries of the trust as defined in s. 737.303(4)(b) shall be regarded as a beneficiary of the estate. (18) "Heirs" or "heirs at law" means those persons, including the surviving *918 spouse, who are entitled under the statutes of intestate succession to the property of a decedent.
§ 731.201, Fla.Stat. As Lavondra correctly points out, "heir" is simply a subset of "beneficiary."
In the May 12, 2004 letter acknowledging receipt of the court order, the Department stated that an order determining beneficiaries was not relevant to the issue of who qualifies as a joint annuitant under Chapter 121.[4] Section 121.021 defines "joint annuitant" as follows:
(28) "Joint annuitant" means any person designated by the member to receive a retirement benefit upon the member's death who is:
(a) The spouse of the member;
(b) The member's natural or adopted child who is under age 25, or is physically or mentally disabled and incapable of self-support, regardless of age; or any person other than the spouse for whom the member is the legal guardian, provided that such person is under age 25 and is financially dependent for no less than one-half of his or her support from the member at retirement or at the time of death of such member, whichever occurs first; or
(c) A parent or grandparent, or a person age 25 or older for whom the member is the legal guardian, provided that such parent, grandparent, or other person is financially dependent for no less than one-half of his or her support from the member at retirement or at time of the death of such member, whichever occurs first.
Section 121.091(8) provides that if no beneficiary is named, the beneficiary shall be the spouse of the deceased, if living. If the member's spouse is not alive at his or her death, the beneficiary shall be the living children of the member.
The court order determining beneficiaries states that Thelma died without a spouse and names her four children (including John as her legally adopted son) as the beneficiaries of her intestate estate. Although entitled an order determining beneficiaries, the order in fact determines Thelma's "heirs," that is, those persons entitled under the laws of intestate succession to the decedent's property. The order further lists the birthdates of Thelma's children thus making it possible to determine which children qualify for benefits based on their age. Finally the order provides that Lavondra is John's legal guardian.
This order seems to us to provide all the information required by the Division to process Lavondra's application for benefits for John. Even at oral argument, counsel for the Division was unable to provide any reasonable explanation why this order was deemed unacceptable by the Division.
On appeal, the Division does not address any deficiencies in the court order but rather argues Lavondra did not timely provide the required information to the Division. However, the recommended order (later adopted by the Division in the final order) gave Lavondra 45 days to submit this information. The Division received a copy of the court order in May 2004, which was before the recommended order was entered.
Given the information provided in the court order determining beneficiaries, we conclude the Division's refusal to accept that order as satisfying its request for requested documentation was a gross abuse of discretion. Lavondra should never have been required to file this appeal. Pursuant to section 120.595(5),[5] we grant *919 her motion for attorney's fees in the amount of $7,500, as requested by her attorney. We find this amount (30 hours at $250 per hour) to be eminently reasonable for the time and effort necessary to have pursued this appeal.
REVERSED and REMANDED.
PLEUS, J., concurs.
GRIFFIN, J., concurs in part and dissents in part with opinion.
GRIFFIN, J., concurring in part; dissenting in part.
Although I concur in the majority's decision that Steadman is entitled to the payment of benefits, I cannot agree with the assessment of attorney's fees against the Division based upon gross abuse of discretion. In my view, this appeal was fueled more by confusion than by misconduct.
On September 15, 2003, the Division informed Steadman's counsel that his client's request for distribution of benefits would require a "order determining heirs" and, if any of the children were under eighteen, proof of guardianship of the child and application by the guardian would also be required. As the hearing officer subsequently determined, this was an appropriate requirement because the Division is required to pay benefits due to the heirs of the deceased as determined by a court of competent jurisdiction unless the heir is a minor, in which case, the money is to be paid to the guardian.
On November 7, when the requested documentation was not received by the Division within the required time period set out in the Division's rules, a letter of final agency action for the purpose of canceling the defective application by Steadman was transmitted to Steadman's counsel. Steadman's counsel reacted by filing a "Petition for Benefits," which included a demand that the Division determine John's status as the only child of Thelma Steadman "administratively", rather than requiring any court action.
It appears clear that the Division's action as reflected in the letter of November 7, 2003, was correct. The application was cancelled because no effort was made to establish entitlement to distribution of benefits. It also appears that both the Division and counsel for Steadman treated her "Petition for Benefits" as a request for administrative review of the November 7 agency action. It also appears, on the face of it, that it had no chance of success on the merits.
The November 7 letter and the petition were forwarded to the Division of Administrative Hearings. Not surprisingly, upon receipt of these documents, the hearing officer saw no reason for a hearing. Instead, he issued a recommended order, noting the disconnect between the final agency action letter and the "Petition for Benefits." The hearing officer pointed out that the issue before the hearing officer was not whether John was the beneficiary, but whether the agency had acted properly when it denied benefits back on November 7.
Matters were further confused, when, contrary to the position asserted in the "Petition for Benefits," counsel for Steadman apparently decided to proceed, after *920 all, in the circuit court to obtain the required order. The ensuing "Order Determining of [sic] Beneficiaries" was executed by the circuit court on April 23, 2004. The record suggests that this order was transmitted to the Division of Retirement by counsel for Steadman, but it is not clear whether the administrative hearing officer was aware of this order prior to entry of his recommended order on June 4, 2004. His order does not mention it.
In the recommended order finding against Steadman on the issue of the propriety of the cancellation of the application for benefits, the hearing officer created a sort of "cure" period by recommending to the Division that it deny benefits and cause the applicant to lose all benefits if "by the time of the entry of the order, the petitioner has not provided the documentation required."
On June 21, relying on the April 23, 2004, order, counsel for Steadman filed an "Amended Petition for Benefits" and an exception to the recommended order. When all this hit the desk of the director of the Division of Retirement, the recommended order was adopted by the Division, including the grace period. The director explained in the final order, however, that the agency did not deem the April 23, 2004, order to satisfy the requirement of the "cure period" because the "Order Determining of Beneficiaries" was "part of the application for benefits that the administrative law judge determined [to be] inadequate to support the application for benefits." In other words, because the document had implicitly been rejected by the ALJ, the agency also did not accept it. But, if the administrative law judge had been aware of the April 23 order determining beneficiaries, it is inconceivable that he would not have mentioned it in his detailed recommended order. To me, this is where the Division erred. Once it adopted the ALJ's "cure period", it should have accepted the April 23, 2004, order as being sufficient. Its failure to do so appears to have been based on the assumption that the ALJ had already considered and rejected the order. In effect, the Division's willingness to allow a cure period has cost them attorney's fees.
NOTES
[1] Thelma's adult children were not eligible for benefits based on their age.
[2] 733.105. Determination of beneficiaries

(1) When property passes by intestate succession or the will is unclear and there is doubt about:
(a) Who is entitled to receive any part of the property, or
(b) The shares and amounts that any person is entitled to receive, any interested person may petition the court to determine beneficiaries or their shares.
(2) Any personal representative who makes distribution or takes any other action pursuant to an order determining beneficiaries shall be fully protected.
(3) A separate civil action to determine beneficiaries may be brought when an estate has not been administered.
[3] Rule 5.385. Determination of Beneficiaries and Shares

(a) Beneficiaries and Shares. If a personal representative or other interested person is in doubt or is unable to determine with certainty beneficiaries entitled to an estate or the shares of any beneficiary of an estate, or a beneficiary entitled to any asset or interest in an estate, the personal representative or other interested person may petition the court to determine beneficiaries.
(b) Petition. The petition shall include:
(1) the names, residences, and post office addresses of all persons who may have an interest, except creditors of the decedent, known to the petitioner or ascertainable by diligent search and inquiry;
(2) a statement of the nature of the interest of each person;
(3) designation of any person believed to be a minor or incapacitated, and whether any person so designated is under legal guardianship in this state;
(4) a statement as to whether petitioner believes that there are, or may be, persons whose names are not known to petitioner who have claims against, or interest in, the estate as beneficiaries.
(c) Order. After formal notice and hearing, the court shall enter an order determining the beneficiaries or the shares and amounts they are entitled to receive, or both.
[4] Chapter 121 governs the Florida Retirement System.
[5] Section 120.595(5):

(5) Appeals.When there is an appeal, the court in its discretion may award reasonable attorney's fees and reasonable costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process, or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion. Upon review of agency action that precipitates an appeal, if the court finds that the agency improperly rejected or modified findings of fact in a recommended order, the court shall award reasonable attorney's fees and reasonable costs to a prevailing appellant for the administrative proceeding and the appellate proceeding.