PLEUS, C.J.
This is an appeal of a final administrative order in which a hearing officer found that the Department of Children and Families (DCF) wrongfully disenrolled Sarah French from the Consumer Directed Care (CDC) Program. The final order directed that French be reenrolled in the program. French appeals, arguing that the hearing officer (1) failed to order corrective payments retroactive to the date of the error and (2) erred by denying her request for attorney’s fees. French also seeks attorney’s fees for this appeal.
DCF does not challenge the hearing officer’s fact findings or her conclusion that French should be reenrolled in the CDC Program. Accordingly, we affirm that portion of the order. However, the hearing officer failed to order corrective payments retroactive to the date of the error. Both the Florida and federal administrative rules require the hearing officer to order corrective payments. Accordingly, we remand this case to the hearing officer to award corrective payments retroactive to October 31, 2003.
Regarding attorney’s fees, we agree with DCF that the hearing officer did not have authority to consider the issue of attorney’s fees under section 120.595, Florida Statutes, as that statute is currently configured. We disagree, however, with DCF’s contention that it is exempt from attorney’s fee awards under this statute altogether. We therefore quash that portion of the order denying attorney’s fees and remand for appointment of an administrative law judge to consider French’s request for attorney’s fees pursuant to section 120.595(l)(b), Florida Statutes. We also grant French’s request for appellate attorney’s fees in an amount to be determined by the administrative law judge on remand.
Facts
Sarah French was born in 1984 with cerebral palsy, which left her with serious physical and mental disabilities. These include quadriplegic cerebral palsy, developmental delay, severe osteoporosis, severe muscle spasms, scoliosis, incontinence, kidney stones and frequent urinary tract infections. Sarah lives with her parents and requires 24 hour assistance. Sarah’s mother, Gail French, is Sarah’s personal care assistant of choice, assisting her with bathing, feeding, dressing, brushing her teeth, changing her diapers and all other daily living functions.
In July 2000, Sarah was enrolled in a Medicaid program called the Home and Community Based Developmental Services Program, also known as the HCBS or Medwaiver 1915 program. This federal program is administered in Florida by DCF. Among other things, it provides for personal care assistance from outside providers designated by DCF.
*674 In July 2002, Sarah’s caseworker, Kathy Marinelli, drafted a support plan for the upcoming year, which recommended 12 hours per day of personal care assistance. She also recommended enrolling Sarah in an experimental Medicaid Program called the Consumer Directed Care (CDC) Program, which allows recipients to select their own personal care assistant, an option not available under the Medwaiver 1915 program. On October 21, 2002, DCF approved Sarah’s enrollment in the CDC Program and approved Sarah’s mother as her personal care assistant. However, it only approved six hours per day of personal care assistance, instead of 12 hours, as medically necessary.
Sarah appealed DCF’s determination that she was entitled to only six hours per day of personal care assistance instead of the requested 12 hours. A hearing officer considered Sarah’s appeal and agreed with her on that issue. On August 15, 2003, the hearing officer found that DCF had “contracted with the petitioner’s mother, Gail French, to provide personal care assistance (PCA) to the petitioner” and that French “clearly demonstrated that the 12 hours of daily personal care assistance is not in excess of the petitioner’s need for personal care assistance.”
One month later, on or about September 19, 2003, CDC Senior Program Specialist Sarah Heggen conducted a telephone conference with Sarah’s CDC coordinator, Kathy Marinelli, and Sarah’s mother, Gail French. During that call, Heggen determined that Gail’s alleged back condition prevented her from continuing as Sarah’s personal care assistant. This decision was based on two statements from Gail French’s doctor, Dr. Conavay, dating back to January and May of 2002. Gail denied any back problems or inability to care for Sarah. On September 23, 2003, Dr. Cona-vay provided a statement stating that “Mrs. French’s back exam is normal and she is pain free and has no physical activity or occupational restrictions. I feel she is fully capable to meet the needs and requirements of watching over the medical needs of her daughter Sarah.”
Despite this updated information, DCF issued a corrective action plan, effective October 1, 2003, requiring Gail French to hire another personal care assistant for Sarah. It also stated that if “alternative assistance is not available by October 31, 2003, Sarah French will return to the [Medwaiver] 1915 program.” DCF sent the plan to Sarah and Gail French on October 10. They received it on October 21.
On October 23, French requested a hearing on the corrective action plan. She made additional requests for a hearing on October 30 and November 5, 2003. On October 31, DCF disenrolled Sarah from the CDC Program for failure to comply with the corrective action plan. On December 3, DCF sent French a letter informing her that its decision to issue a corrective action plan and its subsequent decision to disenroll Sarah in the CDC Program had been upheld. It further stated:
In transitioning from the CDC Program back to the [Medwaiver 1915 Program], no loss of services is experienced. Therefore, there is no formal hearing process on that issue.
After numerous letters to the Secretary of DCF, Sarah’s appeal was finally registered with the Office of Appeal Hearings in late January 2004.
A hearing officer heard Sarah’s appeal on several days over a four-month period. On November 22, 2004, the hearing officer issued a final order finding that (1) DCF unilaterally developed the corrective action plan instead of in cooperation with the Frenches, as is required by DCF’s own *675 protocol; (2) DCF’s decision to remove Gail French as Sarah’s personal care assistant was not supported by competent evidence, given the fact that more recent evidence from the same doctor indicated that Gail was perfectly able to care for Sarah and therefore, the corrective action plan was unnecessary; (3) DCF failed to timely mail the corrective action plan to the Frenches, giving them only 10 days to find an alternate provider; (4) because the corrective action plan was not necessary, DCF erred in disenrolling Sarah from the CDC Program for noncompliance with the plan; (5) Sarah was entitled to a fair hearing to review DCF’s decision to disenroll her from the CDC Program; (6) DCF erroneously denied Sarah’s request for an appeal based on a misinterpretation of its own protocol; (7) DCF failed to forward Sarah’s requests for a hearing until January 31, 2004, which was not within the required time period of three days; and (8) French was not entitled to attorney’s fees because DCF’s actions did not rise to the level of improper purpose.
42 C.F.R. § 431.246 (2004)
On appeal, French argues that the trial court erred by failing to order retroactive payments, as required under 42 C.F.R. § 431.246 (2004), which states:
The agency must promptly make corrective payments, retroactive to the date an incorrect action was taken, and, if appropriate, provide for admission or readmission of an individual to a facility if—
(a) The hearing decision is favorable to the applicant or recipient; or
(b) The agency decides in the applicant’s or recipient’s favor before the hearing.
(Emphasis added). Florida must comply with this federal regulation because of its participation in the federal Medicaid program. See 42 C.F.R. § 431.202; Kurnik v. Dep’t of Health & Rehab. Sers., 661 So.2d 914, 916 (Fla. 1st DCA 1995). Interpreting this regulation and its application to the states, the Fourth Circuit Court of Appeal stated that “all participating states are required to have state procedures whereby applicants and recipients denied assistance may appeal that decision and, if they prevail at the hearing, receive benefits retroactive to the time of the incorrect decision.” Randall v. Lukhard, 709 F.2d 257, 269 (4th Cir.1983).
In its reply brief, DCF made no reference to 42 C.F.R. § 431.246, much less an attempt to address its application to this case. Instead, DCF indirectly attacked it by attempting to distinguish the cases that refer to it. For example, DCF attempts to distinguish Cutler v. Bane, 1993 WL 267294 (S.D.N.Y. July 12, 1993), in which the district court acknowledged that under 42 C.F.R. § 431.246, “the State must promptly make corrective payments retroactive to the date the incorrect action was taken.” Id. at *1. DCF argues that we should ignore this case because it involved a class action suit instead of a single Medicaid recipient. We think not.
Similarly, DCF attempts to distinguish away the Kumik case by characterizing it as holding that retroactive payments were required under 42 C.F.R. § 431.246 “as a penalty” for HRS’s actions in delaying a recipient’s application for benefits for over nine months. However, the issue in Kur-nik was whether retroactive payments could be made directly to a recipient as opposed to a provider. Despite a state administrative rule prohibiting such direct payments, the court held that the hearing officer erred in rejecting the appellant’s argument that the federal “corrective payment” regulation overrode the state’s vendor payment regulation. 661 So.2d at 918.
At oral argument, DCF conceded that 42 C.F.R. § 431.246 applied to the proceeding below, but argued that the term *676 “corrective payments” only applied to out-of-pocket expenses or the services of third-party providers. DCF offered no authority for this position and we find no merit to it. The CDC Program authorizes family members to be compensated for providing personal care. The hearing officer correctly determined that DCF erred in disenrolling Sarah from the CDC Program. The plain language of 42 C.F.R. § 431.246 required the hearing officer to order “corrective payments, retroactive to the date an incorrect action was taken.” In short, DCF’s attempts to avoid the clear mandate of 42 C.F.R. § 431.246 are utterly unconvincing.
Florida Administrative Code Rule 65-2.066(6)
French also argues that Florida Administrative Code Rule 65-2.066(6) requires retroactive payments. This rule states: “In the Final Order the Hearing Officer shall authorize corrective action retroactively to the date the incorrect action was taken.” This rule is similar to the federal regulation but uses the phrase “corrective action” instead of “corrective payments.” Presumably because of this distinction, DCF argues that corrective payments are not authorized under this rule. We disagree. Common sense dictates that, as applied in this case, retroactive corrective action means corrective payments. Even if a meaningful distinction could be made between these terms, the federal standard would prevail. See Kurnik, 661 So.2d at 918; see also Atkins, Comm’r Mass. Dep’t of Pub. Welfare v. Rivera, 477 U.S. 154, 156-57, 106 S.Ct. 2456, 91 L.Ed.2d 131 (1986) (holding that the federal regulations apply to the states in administering Medicaid programs).
In summary, both 42 C.F.R. § 431.246 and Florida Administrative Code Rule 65-2.066(6) require remand for the hearing officer to order corrective payments retroactive to October 31, 2003. We believe the amount of corrective payments can be determined based upon the evidence provided at the original hearing, but the hearing officer may take additional evidence on this issue, if necessary.
Failure to Award Attorney’s Fees Pursuant to Section 120.569(2)(e)
French argues that the hearing officer erred in failing to consider her request for attorney’s fees pursuant to section 120.569(2)(e), Florida Statutes (2004). That section provides:
All pleadings, motions, or other papers filed in the proceeding must be signed by the party, the party’s attorney, or the party’s qualified representative. The signature constitutes a certificate that the person has read the pleading, motion, or other paper and that, based upon reasonable inquiry, it is not interposed for any improper purposes, such as to harass or to cause unnecessary delay, or for frivolous purpose or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of these requirements, the presiding officer shall impose upon the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney’s fee.
French urges us to consider DCF’s corrective action plan and letter of December 3, 2003, in which it denied French a formal hearing, as examples of improper pleadings or papers under section 120.569(2)(e).
We decline to consider this issue because French failed to adequately preserve her argument below. In order to preserve an argument for appellate review, it must *677 be made in the lower tribunal with sufficient specificity to apprise the judicial officer of the alleged error and the aggrieved party must also obtain a ruling on the argument from the lower tribunal. See Fleming v. Peoples First Fin. Sav. & Loan Ass’n, 667 So.2d 273, 274 (Fla. 1st DCA 1995); Bohannon v. State, 546 So.2d 1081, 1082 (Fla. 3d DCA 1989). Although French filed a general notice of intent to seek attorney’s fees pursuant to this and other statutes prior to the hearing in this case, the notice did not identify any “pleadings, motions, or other papers” it believed had been filed for an improper purpose. At the conclusion of the hearing, French simply argued that attorney’s fees were authorized under chapter 120. Additionally, the hearing officer never considered or ruled on the request for attorney’s fees pursuant to this provision.
Denial of Attorney’s Fees Pursuant to Section 120.595
French also argues that the hearing officer erred in denying her request for attorney’s fees under sections 120.595(l)(b), (l)(c) and (5), Florida Statutes (2004).
DCF argues that the hearing officer lacked authority to award fees under section (l)(b) and (l)(c) because those sections only authorize an administrative law judge, not a hearing officer, to determine the issue of attorneys fees.[1] DCF argues that these sections must be strictly construed as they are in derogation of common law. Dade County v. Pena, 664 So.2d 959, 960 (Fla.1995). DCF notes that section 120.80(7) exempts it from having to use administrative law judges in hearings such as the one below. Consequently, DCF argues that because section 120.595 uses the phrase “administrative law judge,” a mere “hearing officer” has no authority to award fees under this section.
Former versions of section 120.595 authorized hearing officers to award attorney’s fees, but the current version only authorizes administrative law judges to consider fee requests. Considering, however, that section 120.80(7) authorizes DCF to use a hearing officer instead of an administrative law judge in these types of proceedings, it appears to us that "the failure of the current section 120.595 to authorize hearing officers to award attorney’s fees is a legislative oversight. The legislature must correct this oversight, not this Court.
While we conclude that the plain language of section 120.595 does not authorize a hearing officer to award attorney’s fees, we do not agree with DCF’s contention that section 120.80(7) exempts it from exposure to attorney’s fees altogether under that section. Section 120.80(7) merely states that “hearings conducted within the Department of Children and Family Services in the execution of those social and economic programs,” such as the CDC Program in this case, “need not be conducted by an administrative law *678 judge assigned by the division.” This provision allows DCF, at its discretion, to use a hearing officer instead of an administrative law judge in hearings such as the one below. It does not exempt DCF from the rest of chapter 120. Cf. State, Dep’t of Children & Family Servs. v. I.B., 891 So.2d 1168, 1173 (Fla. 1st DCA 2005) (holding that DCF cannot insulate itself from the Administrative Procedure Act “absent any statutory exemption”). To hold otherwise, as French notes, would allow DCF to “avoid the penalty for their own misconduct by opting for the forum which would guarantee no attorney’s fees.” Therefore, we remand for appointment of an administrative law judge to determine the issue of attorney’s fees under section 120.595(l)(b).[2]
We recognize that our remand to an administrative law judge to consider fees under section 120.595(l)(b) is cumbersome. However, we believe this result is required in keeping with the overall legislative intent of chapter 120. Sometimes administrative efficiency must yield to due process in the administration of justice.
Attorney’s Fees in this Appeal
French requests appellate attorney’s fees pursuant to section 120.595(5). Section 120.595(5) authorizes this Court to award appellate attorney’s fees if “the agency action which precipitated the appeal was a gross abuse of the agency’s discretion.” See also Steadman v. Dep’t of Mgmt. Servs., 901 So.2d 915 (Fla. 5th DCA 2005).
For the following reasons, we conclude that DCF grossly abused its discretion below, entitling French to attorney’s fees in this appeal. First, shortly after the first hearing officer decided that French was entitled to 12 hours of personal care assistance, DCF unilaterally decided that French’s mother could not be her personal care assistant. It determined this on the basis of two doctor’s statements over a year old. DCF persisted in this decision even after Gail French provided them with a more recent letter from the same doctor, which stated that her back problems had resolved and she was fully capable of caring for her daughter.
Second, the hearing officer found numerous problems with DCF’s corrective action plan. DCF formulated it unilaterally instead of in cooperation with French. French did not sign the plan. Then, DCF sent it to French long after the effective date, giving her little opportunity to comply with it.
Third, DCF disenrolled French from the CDC Program after she failed to comply with the corrective action plan and denied her repeated requests for a fair hearing in contravention of its own protocol and state and federal regulations.
Fourth, after Gail French finally received a hearing, DCF aggressively defended its position by calling numerous witnesses in an attempt to discredit her *679 and her doctor. It called experts who testified that Gail’s doctor’s prior statements regarding her back condition were credible but his subsequent statements were not credible. DCF also called Sarah’s caseworker, who suggested that Gail was not a fit caretaker, even though there was no evidence in her notes to support that contention.
Fifth, DCF failed to keep Sarah enrolled in the CDC Program and failed to continue reimbursing her mother for personal care assistance during the hearing process, as was her right under the federal regulations. See 42 C.F.R. § 431.230(a). If DCF had continued paying Gail French for personal care assistance during the pen-dency of the administrative action, there would have been no need for retroactive corrective payments in the first place.
Sixth, DCF’s position with respect to the issue of retroactive corrective payments was frivolous. “A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed.” Procacci Commercial Realty, Inc. v. Dep’t of Health & Rehab. Servs., 690 So.2d 603, 609 (Fla. 1st DCA 1997) (quoting Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883, 883-84 (1935)). In the instant appeal, French argued that she was entitled to corrective payments retroactive to the date of error under the plain language of federal and state regulations. In response, DCF failed to address the applicable federal regulation and its argument under the state regulation that “corrective action” does not include “corrective payments” was clearly untenable and devoid of merit. All of these actions amount to a gross abuse of discretion on DCF’s part.
In conclusion, we (1) affirm the final order’s reinstatement of French in the CDC Program; (2) quash the hearing officer’s denial of attorney’s fees; (3) remand to the hearing officer to order retroactive corrective payments; (4) remand for appointment of an administrative law judge to consider French’s request for attorney’s fees pursuant to section 120.595(l)(b); and (5) award attorney’s fees to French for this appeal in an amount to be determined by the administrative law judge on remand.
AFFIRMED IN PART, QUASHED IN PART; REMANDED IN PART TO HEARING OFFICER WITH DIRECTIONS; REMANDED IN PART FOR APPOINTMENT OF ADMINISTRATIVE LAW JUDGE WITH DIRECTIONS.
SAWAYA and PALMER, JJ., concur.

. Section 120.595(1) states in pertinent part:
(b) The final order in a proceeding pursuant to s. 120.57(1) shall award reasonable costs and a reasonable attorney's fee to the prevailing party only where the nonprevail-ing adverse parly has been determined by the administrative law judge to have participated in the proceeding for an improper purpose.
(c) In proceedings pursuant to s. 120.57(1), and upon motion, the administrative law judge shall determine whether any party participated in the proceeding for an improper purpose as defined by this subsection ....
(d)In any proceeding in which the administrative law judge determines that a party participated in the proceeding for an improper purpose, the recommended order shall so designate and shall determine the award of costs and attorney’s fees.
(Emphasis added).

. We reject French’s arguments that she is was entitled to attorney's fees in the proceedings below under section 120.595(l)(c) or section 120.595(5). Section 120.595(l)(c) creates a presumption in favor of attorney's fees if the adverse party participated in "two or more other such proceedings” in which it lost against the prevailing party in this case. However, by French's own admission, there was only one other proceeding in which DCF lost to French, not two. Therefore, the presumption cannot be met because it requires two other proceedings, not including the instant proceeding below.
Section 120.595(5) allows an appellate court to award attorney's fees "for the administrative proceeding and the appellate proceeding” but only if the court finds that the "agency improperly rejected or modified findings fact in a recommended order.” DCF did not do that in this case. Accordingly, there was no basis for fees below under this statute.