PER CURIAM.
A.L., his mother, P.L.B., and their attorney, Rosemary N. Palmer, appeal a final order of the administrative law judge awarding attorney’s fees under section 57.105(5), Florida Statutes (2012), to the Jackson County School Board as the prevailing party in a proceeding brought under section 1003.57, Florida Statutes (2012). We reverse and remand.
*759 The administrative law judge had dismissed A.L.’s and P.L.B.’s request for a due process hearing, and appellees filed a motion for attorney’s fees under section 57.105(5), which provides:
In administrative proceedings under chapter 120, an administrative law judge shall award a reasonable attorney’s fee and damages to be paid to the prevailing party in equal amounts by the losing party and a losing party’s attorney or qualified representative in the same manner and upon the same basis as provided in subsections (l)-(4).
The proceeding below was not an “administrative proceeding under chapter 120,” but was instead controlled by the procedures outlined in section 1003.57(¿ )(b). That subparagraph expressly provides, in part, that due process hearings “are exempt from ss. 120.569, 120.57, and 286.011, except to the extent that the State Board of Education adopts rules establishing other procedures.” As applied to the case at bar, this provision means that the due process hearing appellants sought could not be conducted under the two statutes in chapter 120 dealing with administrative hearings, but could be conducted under rules that the agency might adopt regarding such hearings. The Department of Education enacted such a rule in Florida Rule of Administrative Procedure 6A-6.0331K9).[1]
REVERSED and REMANDED.
■ VAN NORTWICK and PADOVANO, JJ., concur.
BENTON, J., concurs with opinion.

. Rule 6A-6.03311(9) includes its own provision authorizing court-awarded attorney’s fees pursuant to the requirements of subpara-graph (x).