IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

WILLIAM LOONEY,

     Appellant,

v.

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1960

_____/

Opinion filed February 29, 2016.

An appeal from the Department of Children and Families.

Robert W. Pass, Martha Harrell Chumbler, and Christine Davis Graves of Carlton Fields Jorden Burt, P.A., Tallahassee, for Appellant.

Camille Larson, Assistant Region Counsel, NW Region, Department of Children and Families, Tallahassee, for Appellee.

PER CURIAM.

     Appellant, William Looney, challenges a hearing officer's final order affirming a decision by the Department of Children and Families (the Department) regarding the calculation of Looney's patient responsibility amount (PRA) under

Medicaid's Institutional Care Program (ICP). Looney argued that his substantial interests were determined when the Department, in reliance on an agency policy which had not been promulgated by rule, denied his request to reduce his PRA by deducting expenses he had previously incurred for nursing home care. The hearing officer declined to consider whether the Department's denial of Looney's request was based on a policy which should have been promulgated as a rule, concluding that such an argument must be raised before an administrative law judge in a proceeding conducted pursuant to section 120.56, Florida Statutes. Consistent with our opinion in Saunders v. Florida Department of Children and Families, 1D15-1959 (Fla. 1st DCA 2015), we hold that the hearing officer was authorized to consider Looney's argument that the Department erred in determining his substantial interests by relying on an unpromulgated rule. We, therefore, REVERSE the final order and REMAND for further proceedings consistent with this opinion. We decline to address the merits of whether the Department relied on an unpromulgated rule when it denied Looney's request as the hearing officer has not yet ruled on this issue.

ROWE, RAY, and SWANSON, JJ., CONCUR.