IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

THOMAS SAUNDERS,

     Appellant,

v.

FLORIDA DEPARTMENT OF
CHILDREN AND FAMILIES,

     Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-1959

_____/

Opinion filed February 29, 2016.

An appeal from the Department of Children and Families.

Robert W. Pass, Martha Harrell Chumbler, and Christine Davis Graves of Carlton Fields Jorden Burt, P.A., Tallahassee, for Appellant.

Camille Larson, Assistant Region Counsel, NW Region, Department of Children and Families, Tallahassee, for Appellee.

ROWE, J.

Appellant, Thomas Saunders, challenges a hearing officer's final order affirming a decision by the Department of Children and Families (the Department) regarding the calculation of Saunders' patient responsibility amount (PRA) under Medicaid's Institutional Care Program (ICP). Saunders argued that his substantial

interests were determined when the Department, in reliance on an agency policy which had not been promulgated by rule, denied his request to reduce his PRA by deducting expenses he had previously incurred for nursing home care. The hearing officer declined to consider whether the Department's denial of Saunders' request was based on a policy which should have been promulgated as a rule, concluding that such an argument must be raised before an administrative law judge in a proceeding conducted pursuant to section 120.56, Florida Statutes. However, because the underlying action involved a determination of Saunders' eligibility to receive ICP benefits, we hold that the hearing officer was authorized to consider Saunders' challenge, and therefore, reverse. We decline to address the merits of whether the Department relied on an unpromulgated rule when it denied Saunders' request as the hearing officer has not yet ruled on this issue.

*Background*

This case involves an individual's entitlement to benefits pursuant to Medicaid's ICP, which is designed to provide reimbursement for nursing home care expenses for qualifying individuals. Recipients of ICP benefits must contribute to the cost of their care by remitting their gross income, less certain deductions, to the nursing home. The PRA is calculated by the Department in accordance with applicable federal and state regulations. Federal regulations provide that certain unreimbursed medical expenses must be included as a deduction when the state

calculates the PRA and authorize states to impose reasonable limitations on the deductions. 42 C.F.R. § 435.832. Among the unreimbursed medical expenses authorized as deductions from the PRA are those medical expenses incurred by a recipient before becoming eligible for Medicaid. Thus, if a recipient incurs nursing home expenses before becoming eligible for Medicaid, the recipient may deduct the expense from his PRA and use that protected income to pay down the previously incurred nursing home debt.

The Agency for Health Care Administration (AHCA) is charged with managing Florida's State Medicaid program while the Department is responsible for making eligibility determinations. § 409.902, Fla. Stat. (2014). The State Medicaid program is governed in part by a Medicaid State Plan submitted by AHCA and approved by the Center for Medicare and Medicaid Services (CMS). In 2013, CMS approved an amendment to Florida's Medicaid State Plan to limit the deduction from the PRA for incurred medical expenses to those incurred no earlier than three months preceding the month of application for ICP benefits. The Department's chief of program policy issued a transmittal letter directing caseworkers to implement the amended Medicaid State Plan, including the three-month limit. In addition, the Department's public assistance policy manual was updated to reflect this three-month limit.

3

*Facts*

In March 2013, Saunders entered a nursing home. He filed an application for ICP benefits in July 2014, at which time he had an outstanding bill of over $68,000 for nursing home services through June 2014. In August 2014, the Department approved Saunders' application, finding him eligible for Medicaid as of July 1, 2014, and requiring him to pay $2,115.08 per month for his nursing home services. On September 2, 2014, Saunders sought a reduction of his monthly PRA, asking the Department to deduct his unreimbursed nursing home expenses dating back to June 2013. When the Department failed to respond to this request and the three other requests pertaining to the calculation of his PRA, Saunders instituted proceedings to challenge the Department's implicit denial of his request.[1] At the time Saunders filed his request for consideration of one year of unpaid nursing home expenses, the Department had no promulgated rule codifying the three-month limit on unreimbursed medical expenses.[2]

Saunders requested a hearing before the Department's hearing officer to challenge the denial of his request to reduce his PRA. Because the Department's

---

[1] If the Department had granted these requests, Saunders' PRA would have been reduced to zero until he paid off his nursing home debt.

[2] Subsequently, the Department amended Florida Administrative Code Rule 65A-1.714 to reflect the three-month limitation contained in the Medicaid State Plan. This amendment became effective on August 12, 2015. See Fla. Admin. Code R. 65A-1.714 (2015).

policy limiting the amount of the deduction for medical expenses when calculating the PRA is generally applied and has an adverse impact on Medicaid recipients, Saunders argued that the Department was required to adopt the policy through formal rulemaking.

The Department argued that it correctly applied federal and state law when it denied Saunders' request. The hearing officer agreed, concluding that the Department acted in accordance with the Medicaid State Plan, the Department's policy manual, and the Department's transmittal letter when it denied the request to lower Saunders' PRA. The hearing officer concluded that she lacked jurisdiction to consider Saunders' argument that the Department's denial was based on an unpromulgated rule, finding that such an argument must be brought before an administrative law judge pursuant to section 120.56, Florida Statutes. This appeal followed.

*Analysis*

The final order on appeal is flawed in two respects. First, the hearing officer incorrectly concluded that Saunders was required to challenge the Department's decision in a proceeding pursuant section 120.56. Section 120.56 does not provide the exclusive means for a party to raise an argument that an agency is acting pursuant to an unpromulgated rule. Rather, as explained below, chapter 120 provides two avenues for pursuing such an argument. Second, the hearing officer erroneously

concluded that only an administrative law judge was authorized to rule on Saunders' argument that the Department was acting pursuant to an unpromulgated rule. Because the plain language of the statutes and rules applicable to hearings concerning the Department's determination of entitlement to IPC benefits authorizes the assignment of a hearing officer to such appeals, the hearing officer erred by concluding that she lacked jurisdiction to rule on Saunders' unpromulgated rule challenge.

Although the hearing officer properly observed that such challenges are typically brought before an administrative law judge pursuant section 120.56(1), Florida Statutes (2014), this section is not the exclusive means for a party to argue that an agency action occurred pursuant to an unpromulgated rule:

> All proceedings to determine a violation of s. 120.54(1)(a) shall be brought pursuant to this subsection. A proceeding pursuant to this subsection may be consolidated with a proceeding under subsection (3) or under any other section of this chapter. *This paragraph does not prevent a party whose substantial interests have been determined by an agency action from bringing a proceeding pursuant to s. 120.57(1)(e).*

§ 120.56(4)(f), Fla. Stat. (2014) (emphasis added). The plain language of the statute makes clear that in addition to the relief available under section 120.56, a party whose substantial interests are determined by the application of an unpromulgated rule may challenge such agency action under 120.57(1)(e), Florida Statutes. See Winick v. Dep't of Children & Family Servs., 161 So. 3d 464, 468-69 (Fla. 2d DCA 2014) (concluding that an individual challenging the Department's

decision regarding his entitlement to benefits was not required to bring an unpromulgated rule challenge pursuant to section 120.56). Here, because the Department limited Saunders' Medicaid benefits in reliance on a policy not promulgated as a rule, Saunders was not limited to challenging the Department's decision pursuant to a rule challenge pursuant to section 120.56. Rather, because his substantial interests were affected by the agency's action, Saunders was authorized to bring an action under section 120.57(1)(e). The hearing officer's conclusion that Saunders could not raise this challenge under section 120.57(1)(e) was erroneous.[3]

---

[3] Notwithstanding Saunders' authority to challenge the Department's determinations under 120.57(1)(e), the Department asserts that Saunders should have been required to raise his unpromulgated rule argument pursuant to section 120.56 because the purpose of the rule challenge provisions is to promote the rulemaking process and public involvement through proper notice and use of public forums. The Department's argument ignores the fact that sections 120.56 and 120.57 afford two different types of relief. Section 120.56 allows a party to obtain a final order directing the agency to discontinue all reliance on the statement as a basis for agency action. § 120.56(4)(d), Fla. Stat. (2014). However, section 120.57(1)(e), Florida Statutes (2014), precludes an agency from relying on an unpromulgated rule to determine a person's substantial interest. Section 120.57(1)(e), unlike section 120.56, provides immediate relief. Under section 120.56, if an agency initiates rulemaking to adopt the challenged policy statement, the unpromulgated rule challenge must be stayed until such time as the agency completes the rulemaking process. § 120.56(4)(b), Fla. Stat. (2014). Here, the Department was engaged in rulemaking when Saunders raised his unpromulgated rule argument; thus, any unpromulgated rule argument raised by Saunders pursuant to section 120.56 would have been stayed until the completion of the rulemaking process.

The hearing officer similarly erred when she determined that she lacked jurisdiction to address the merits of Saunders' argument that the Department was operating pursuant to an unpromulgated rule when it calculated Saunders' PRA. Although chapter 120 typically contemplates an administrative law judge making the determination of whether an agency policy or statement constitutes an unpromulgated rule, the Department is exempt from the standard rules governing administrative proceedings where the proceedings are conducted in the execution of social and economic programs, such as the Medicaid program. See § 120.80(7), Fla. Stat. (2014) (providing that, notwithstanding the language in section 120.57(1)(a), Florida Statutes, hearings before the Department pertaining to the execution of social and economic programs "need not be conducted by an administrative law judge assigned by the division."); French v. Dep't of Children & Families, 920 So. 2d 671, 677 (Fla. 5th DCA 2006) (holding that section 120.80(7) allows the Department to use hearing officers instead of administrative law judges for certain types of proceedings).

Section 409.285, Florida Statutes (2014), expressly authorizes the Department's hearing authority to hear appeals of decisions by the Department which limit or deny public assistance benefits, such as ICP benefits under the Medicaid program. Thus, where the Department has limited or denied public assistance benefits to a recipient, that individual may appeal the decision through a

8

section 409.285 hearing – where all of the rights under chapter 120, including those contained in section 120.57(1)(e), are expressly made available. Fla. Admin. Code R. 65-2.042(4) (2014). Because section 409.285 expressly provides for hearings in appeals of the Department's limitation or denial of Medicaid benefits, Saunders was authorized to challenge the Department's denial of his request concerning his ICP benefits and to argue that the Department relied on an unpromulgated rule when calculating his benefits in violation of section 120.57(1)(e).

Further, the hearing officer, whose decision under section 409.285(2) was the final decision of the Department, was authorized to address the merits of Saunders' argument because section 120.57(1)(e) prohibits an agency from relying an on unpromulgated rule when determining a party's substantial interests. Section 409.285(2) provides for the appointment of hearing officers to preside over challenges to the Department's actions in cases where the Department has limited or denied public assistance benefits. Pursuant to this statutory authority, the Department adopted an administrative rule that authorizes hearing officers to preside over appeals of adverse agency actions in Medicaid proceedings, including those involving the calculation of an ICP recipient's PRA. Fla. Admin. Code R. 65-2.042(3) (2014). Because the above statutes and rules permit the appointment of a hearing officer in proceedings challenging the denial or limitation of Medicaid benefits, we conclude that the hearing officer erred in concluding that she could not

9

hear Saunders' unpromulgated rule challenge. See Butler v. State, 838 So. 2d 554, 555-56 (Fla. 2003) ("Because the Legislature does not intend to enact purposeless or useless laws, the primary rule of statutory interpretation is to harmonize related statutes so that each is given effect." (citation omitted)).

*Conclusion*

Because Saunders' substantial interests were affected when the Department limited his Medicaid benefits under the ICP program, Saunders was not required to appeal the Department's decision through a section 120.56 rule challenge proceeding. Rather, Saunders properly challenged the Department's actions pursuant to section 120.57(1)(e). Finally, based on the authority set forth in section 409.285, the Department's hearing officer was authorized to hear Saunders' challenge to the Department's actions. Accordingly, we REVERSE the final order and REMAND for further proceedings. Consistent with this holding, and because the hearing officer has not yet ruled on the issue, we decline to address the issue of whether the Department acted pursuant to an unpromulgated rule when determining Saunders' PRA under the ICP program.

RAY and SWANSON, JJ., CONCUR.