IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

RANDALL B. JOHNSON,

     Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-4819

DEPARTMENT OF
CORRECTIONS,

     Appellee.

_____/

Opinion filed May 12, 2016.

An appeal from an order of the Division of Administrative Hearings.

M. Linville Atkins of Flury & Atkins, LLC, Tallahassee, for Appellant.

Pamela L. Hatcher, Assistant General Counsel, Florida Department of Corrections, Tallahassee, for Appellee.

BILBREY, J.

     Randall Johnson appeals the final order of the administrative law judge

finding that section 120.595(1), Florida Statutes, did not provide a statutory basis

to support Johnson's request for an award of his attorney's fees against the Department of Corrections. The ALJ concluded that in this case, the Department did not meet the definition of "nonprevailing adverse party" set out in section 120.595(1)(e)3., and thus could not be liable for Mr. Johnson's attorney's fees under that statute. As set forth below, we agree and affirm.

The administrative action began on September 19, 2014, when the Department dismissed Mr. Johnson from his employment as a corrections officer under the extraordinary dismissal procedure set out in section 110.227(5)(b), Florida Statutes.[1] In accordance with that statutory procedure, the Department notified Mr. Johnson of its extraordinary dismissal by letter dated September 19, 2014, and Mr. Johnson appealed the dismissal to the Public Employees Relations Commission. § 110.227(5)(b), Fla. Stat. The Department unsuccessfully attempted to amend the grounds for termination of Mr. Johnson's employment with allegations of new facts seemingly unrelated to the original grounds. Ultimately, the Department rescinded its dismissal action and Mr. Johnson was reinstated to his employment on February 13, 2015.

As the prevailing party, Mr. Johnson sought an award of attorney's fees under sections 120.595 and 120.569, Florida Statutes. Because hearing officers are

---

[1] Chapter 120 applies to proceedings under section 110.227(5), Florida Statutes, including judicial review of such administrative action. §§ 110.227(6)(a), 447.504, Fla. Stat. (2015).

2

not authorized to rule on a request for fees under section 120.595, the PERC referred that request to the Division of Administrative Hearings for consideration by an ALJ. French v. Dep't of Children & Families, 920 So. 2d 671, 677 (Fla. 5th DCA 2006) (current version of § 120.595 "only authorizes administrative law judges to consider fee requests").[2] Upon this referral, Mr. Johnson proceeded on his request for attorney's fees before the ALJ solely based on section 120.595(1).

Section 120.595(1)(b) provides, "The final order in a proceeding pursuant to s. 120.57(1) shall award . . . a reasonable attorney's fee to the prevailing party only where the nonprevailing adverse party has been determined by the administrative law judge to have participated in the proceeding for an improper purpose." "Nonprevailing adverse party" is defined in section 120.595(1)(e)3. in part, to mean:

> [A] party that has failed to have substantially changed the outcome of the proposed or final agency action which is the subject of a proceeding. In the event that a proceeding results in any substantial modification or condition intended to resolve the matters raised in a party's petition, it shall be determined that the party having raised the issue addressed is not a nonprevailing adverse party.

The ALJ concluded as a matter of law under the clear terms of section 120.595(1)(e)3., that the Department did not qualify as a "nonprevailing adverse

---

[2] The exclusive references to administrative law judges in section 120.595(1) have not been subsequently amended.

3

party" in this case and thus, section 120.595(1)(b) did not provide a statutory basis for an award of Mr. Johnson's reasonable attorney's fees.

Mr. Johnson seeks reversal of the ALJ's ruling that the Department was not a "nonprevailing adverse party" as defined by section 120.595(1)(e). He relies on the decision in <u>French</u>, for his position that administrative agencies are subject to awards of attorney's fees under section 120.595(1) and the ALJ's ruling to the contrary violates legislative intent and public policy.

The parameters of our review of administrative final orders are set out in section 120.68, Florida Statutes.[3] We are required to affirm agency action unless an appellant establishes a specified ground under that statute for setting aside, modifying, remanding, or ordering agency action or ancillary relief. § 120.68(8), Fla. Stat. The argument advanced by Mr. Johnson challenges the ALJ's application of section 120.595(1) to his request for attorney's fees. Accordingly, section 120.68(7)(d) is the available statutory ground for his appeal and Mr. Johnson would have to establish "[t]he agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action" in order to prevail.

---

[3] Chapter 120, Florida Statutes, applies absent a contrary statutory provision removing the particular agency's orders or administrative proceedings from the dictates of that chapter. <u>See</u> <u>A.L. v. Jackson Cnty. Sch. Bd.</u>, 127 So. 3d 758, 759 (Fla. 1st DCA 2013) (proceedings under ch. 1003, Fla, Stat., are not "administrative proceedings under chapter 120," and thus not subject to attorney's fee award under § 57.105(5), Fla. Stat.).

Because the question before us is the proper reading and application of the statute as a matter of law, our standard of review of the ALJ's order is de novo. Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005). We apply the same principles of statutory interpretation and construction that govern the lower tribunal, yet we are free to decide the legal issue differently. Philip J. Padovano, Florida Appellate Practice, § 19:4 (2015 ed.).

Florida law allows a court to award attorney's fees only when such award is authorized by statute or agreement of the parties, and this rule applies to fee awards in administrative proceedings. See Agency for Health Care Admin. v. HHCI Ltd. P'ship, 865 So. 2d 593, 595 (Fla. 1st DCA 2004). As the Florida Supreme Court stated in Daniels, "Because statutes providing for attorney's fees are in abrogation of the common law, such statutes are to be strictly construed." Daniels, 898 So. 2d at 65.

While the Department undoubtedly did not "prevail" in its administrative proceeding to terminate Mr. Johnson's employment, the Department does not fall within the statutory definition of "nonprevailing adverse party" in section 120.595(1)(e)3. The Department was not "a party that has failed to have substantially changed the outcome of the proposed or final agency action which is the subject of the proceeding." § 120.595(1)(e)3., Fla. Stat. The Department did not seek to substantially change its own action and did not "fail" to change the

5

outcome of its action. It was Mr. Johnson who succeeded in substantially changing the outcome of the agency action because his appeal of the agency action to the PERC eventually resulted in reinstatement of his employment. Under the statutory language defining "nonprevailing adverse party," section 120.595(1) cannot provide the statutory basis for an award to Mr. Johnson of his attorney's fees as against the Department.

Mr. Johnson's reliance on French and his assertion that the ALJ's order is contrary to the legislative intent of section 120.595(1) are unavailing. The issue in French was *not* whether the agency qualified as "nonprevailing adverse party" under section 120.595. In French, the appellate court ruled that attorney's fees under section 120.595 could be awarded only by an ALJ, not by a hearing officer. French, 920 So. 2d at 677. The court in French opined that the agency could not avoid exposure to the attorney's fee provision in section 120.595 by choosing to conduct its administrative hearings before a hearing officer rather than an ALJ, as allowed by section 120.80(7), Florida Statutes. Id. at 677-78. The court further held that section 120.80(7) did not "exempt DCF from the rest of chapter 120." Id. at 677. The opinion in French does not require a finding in this case that the Department is a "nonprevailing adverse party" for the purpose of an award of fees under section 120.595(1).

Likewise, the application of the definition of "nonprevailing adverse party" in section 120.595(1)(e)3. to exclude the Department in this case does not contravene the legislative intent to "level the playing field" for individuals contesting agency action. Section 120.595(1)(a) specifically states, "The provisions of this subsection are supplemental to, and do not abrogate other provisions allowing the award of fees or costs in administrative proceedings." Section 120.595(6) reiterates that section 120.595 does not affect the availability of attorney's fees under other statutes including specifically "ss. 57.105 and 57.111" which could provide for an award in appropriate cases.

For the foregoing reasons, the final order of the ALJ is AFFIRMED.

RAY and JAY, JJ., CONCUR.